UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF SEAWOLF
TANKERS INC. AND HEIDMAR INC.,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

Civil Action No. 20-Misc. _____

**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

This matter comes before the Court by an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "Application") filed by Seawolf Tankers Inc. ("Seawolf") and Heidmar Inc. ("Heidmar") (Seawolf and Heidmar collectively "Applicants"). Having reviewed the Application, Applicant's Memorandum of Law, the Declaration of James Power, dated August 21, 2020 and exhibits thereto, and the Declaration of Ravi Jawani, dated August 21, 2020, the Court is satisfied that the production of documentation is warranted pursuant to 28 U.S.C. § 1782, and the Court hereby ORDERS as follows:

1. The Application is GRANTED.

2. Applicants are authorized to issue and serve subpoenas on Riverstone Holdings LLC for the production of the following documents:

    A. minutes of board meetings authorizing sale of vessels, PIONEER, PRIDE, PROGRESS and PURPOSE and copies of sale agreements, financial records of Ridgebury Kilo and the affiliated Ridgebury Companies, records of distributions to members and/or investors beginning in January 2018, records identifying members or shareholders and ownership structure for the Ridgebury Group including

specifically RT Holdings, yearly audit reports from third party accountants for the RT Holdings and all other Ridgebury Group entities.

3. Applicants are authorized to issue and serve subpoenas on Bank of America, N.A.; Bank of China; The Bank of New York Mellon; Barclays Bank PLC; BNP Paribas S.A.; Citibank, N.A.; Commerzbank AG; Credit Agricole CIB; Deutsche Bank Trust Company of Americas; Deutsche Bank Securities, Inc.; HSBC Bank (USA) N.A.; JPMorgan Chase Bank N.A.; Societe Generale; Standard Chartered Bank; UBS AG; and Wells Fargo Bank, N.A. (collectively, the "New York Banks"), for the production of the following documents:

A. Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to Ridgebury Kilo LLC and/or RIDGEBURY PROGRESS, for the period January 1, 2018 to present.

B. Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or made by or with any reference to any of the following Related Parties (as further described in Applicants Memorandum of Law) for the period January 1, 2018 to present:

   i. Ridgebury V4 Investments LLC;

   ii. RV4 Fleet Finance LLC;

   iii. Ridgebury Lima LLC (owner of the M/T RIDGEBURY PIONEER);

   iv. M/T RIDGEBURY PIONEER;

   v. Ridgebury Juliet LLC (owner of the M/T RIDGEBURY PRIDE);

   vi. M/T RIDGEBURY PRIDE;

   vii. Ridgebury Mike LLC (owner of the M/T RIDGEBURY PURPOSE);

#77941278_v1

  viii. M/T RIDGEBURY PURPOSE;

  ix. RT Holdings LLC (Holding Company);

  x. Ridgebury Holdings LLC (Marshall Islands) (Holding Company);

  xi. Ridgebury Management LLC (Manager);

  xii. Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd. (Technical managers and Crewing agent)(specifically referencing the vessels PIONEER, PRIDE, PURPOSE or PROGRESS);

  xiii. RVL II PRINCIPALS HOLDINGS LLC;

  xiv. RIDGEBURY VL II LLC;

  xv. RIDGEBURY VL II PRINCIPALS LLC;

  xvi. RIDGEBURY MANAGEMENT PRINCIPALS LLC

C. For the period beginning January 1, 2018 to the present, identify any bank accounts in the name of and/or held beneficially for Ridgebury Kilo LLC and the Related Parties, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

D. For the period beginning January 1, 2018 to the present, identify any accounts, loans, lines of credit or other funding arrangements to Ridgebury Kilo LLC and the Related Parties.

4. Applicants are authorized to issue and serve subpoenas on DNB Bank ASA for the production of the following documents:

A. Copies of any orders, instructions or wire transfers received from a payor/transferor bank to a payee/transferee bank for the benefit or credit of, or with any reference to

Case 1:20-mc-00299-PKC   Document 10   Filed 08/26/20   Page 4 of 6

Ridgebury Kilo LLC and/or RIDGEBURY PROGRESS, for the period January 1, 2018 to present.

B. For the period beginning January 1, 2018 to the present, identify any bank accounts in the name of and/or held beneficially for Ridgebury Kilo LLC and the Related Parties, and provide the full records thereof, specifically including copies of present and historical account balance information, monthly statements of accounts, names of persons authorized to transfers funds into and out of accounts, signature cards, and records of incoming and outgoing payments to outside banks or to other accounts held at DNB Bank.

C. For the period beginning January 1, 2018 to the present, identify any accounts, loans, lines of credit or other funding arrangements to:

    i. Ridgebury V4 Investments LLC;

    ii. RV4 Fleet Finance LLC;

    iii. Ridgebury Lima LLC (owner of the M/T RIDGEBURY PIONEER);

    iv. M/T RIDGEBURY PIONEER;

    v. Ridgebury Juliet LLC (owner of the M/T RIDGEBURY PRIDE);

    vi. M/T RIDGEBURY PRIDE;

    vii. Ridgebury Mike LLC (owner of the M/T RIDGEBURY PURPOSE);

    viii. M/T RIDGEBURY PURPOSE;

    ix. RT Holdings LLC (Holding Company);

    x. Ridgebury Holdings LLC (Marshall Islands) (Holding Company);

    xi. Ridgebury Management LLC (Manager);

    xii. Ridgebury Kilo LLC (owner of the M/T RIDGEBURY PROGRESS);

xiii. M/T RIDGEBURY PROGRESS;

xiv. Ridgebury Tankers LLC;

xv. RVL II PRINCIPALS HOLDINGS LLC;

xvi. RIDGEBURY VL II LLC;

xvii. RIDGEBURY VL II PRINCIPALS LLC;

xviii. RIDGEBURY MANAGEMENT PRINCIPALS LLC

D. Produce any KYC (know your customer) information of:

i. Ridgebury V4 Investments LLC;

ii. RV4 Fleet Finance LLC;

iii. Ridgebury Lima LLC (owner of the M/T RIDGEBURY PIONEER);

iv. M/T RIDGEBURY PIONEER;

v. Ridgebury Juliet LLC (owner of the M/T RIDGEBURY PRIDE);

vi. M/T RIDGEBURY PRIDE;

vii. Ridgebury Mike LLC (owner of the M/T RIDGEBURY PURPOSE);

viii. M/T RIDGEBURY PURPOSE;

ix. RT Holdings LLC (Holding Company);

x. Ridgebury Holdings LLC (Marshall Islands) (Holding Company);

xi. Ridgebury Management LLC (Manager);

xii. Ridgebury Kilo LLC:

xiii. M/T RIDGEBURY PROGRESS;

xiv. Ridgebury Tankers LLC;

xv. RVL II PRINCIPALS HOLDINGS LLC;

xvi. RIDGEBURY VL II LLC;

      xvii.    RIDGEBURY VL II PRINCIPALS LLC;

      xviii.   RIDGEBURY MANAGEMENT PRINCIPALS LLC

5.    Riverstone Holdings LLC, DNB Bank ASA and the New York Banks shall produce the documents requested in their respective subpoenas within twenty-one (21) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern and Eastern Districts of New York.

6.    Until further Order by this Court, the New York Banks shall preserve documents and evidence, electronic or otherwise, in their possession, custody or control that contain information potentially relevant to the subject matter of Applicants' document request as listed in this Order.

7.    The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order and assessing any supplemental request for discovery assistance that may be requested by Applicants.

8.    A copy of this Order shall be served with each discovery demand.

SO ORDERED

Dated: New York, New York
       August 25, 2020

_____
UNITED STATES DISTRICT JUDGE

#77941278_v1

6