# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

*Phone:* (212) 885-5259
*Fax:* (917) 332-3730
*Email:* jkimball@blankrome.com

August 27, 2020

**VIA ECF**

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Application DENIED without prejudice to the right of any party or non-party to assert their rights under Rule 45 and/or section 1782.

SO ORDERED.
August 28, 2020

*P. Kevin Castel*
United States District Judge

Re:  *Ex Parte Application of Seawolf Tankers Inc. and Heidmar Inc. for Discovery Pursuant to 28 U.S.C. § 1782*
<u>1:20-mc-00299 (PKC)</u>

Dear Judge Castel:

We represent Ridgebury Kilo LLC in the above-referenced matter. We write to request that the Court temporarily stay its Order Granting Petitioners' *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 (Dkt No. 10) and set a reasonable briefing schedule in respect of Ridgebury's objections to the application. We have conferred with counsel for Petitioners Seawolf Tankers Inc and Heidmar Inc., and they do not consent to this request. No conference is currently scheduled in this matter.

Ridgebury has good grounds to oppose the request for discovery. In the first place, Petitioners' pending litigation in the United Arab Emirates is a highly speculative alter ego vessel attachment made in support of an unripe indemnity claim subject to arbitration in London. Specifically, Petitioners assert indemnity claims against Ridgbury Kilo LLC for potential liability they *may have at some point in the future* to third parties relating to a carriage of cargo aboard the M/V RIDGEBURY PROGRESS. (*See* Power Declaration, Dkt. 3, ¶ 53). Power asserts at ¶ 54 of his Declaration that "Under English law, which is incorporated into the Ridgebury Kilo's Charter Party, Seawolf has an accrued cause of action against Ridgebury Kilo …." However, Petitioners fail to disclose that many courts in this District have explicitly recognized that such a claim under a vessel charter subject to English law is an unripe indemnity claim that cannot support a maritime

**BLANKROME**

August 27, 2020
Page 2

attachment.[1]  *See e.g., Bottiglieri Di Na Vigazione SpA v. Tradeline LLC*, 472 F. Supp. 2d 588 (S.D.N.Y. 2007), *aff'd*, 293 Fed. Appx. 36 (2d Cir. 2008).  The attachment in the UAE is currently being challenged on this same threshold grounds.

At least one court has denied an application for discovery under Section 1782 in very similar circumstances.  *Jiangsu Steamship Co. v. Success Superior Ltd.*, 2015 WL 3439220, *4 (S.D.N.Y. 2015).  As that Court noted:

> Jiangsu does not seek this discovery in order to help decide the "merits of the dispute" between it and SSL; it wants the information about SSL's and Mingli's assets so it can easily obtain advance security for such a judgment (assuming that there is a foreign jurisdiction that, like the United States of America, has a pre-judgment attachment procedure) or enforce whatever judgment it might obtain in the as-yet-to-be brought London arbitration. However, neither pre-judgment attachment nor post-judgment enforcement proceedings are "adjudicative" in nature; indeed, the latter is the explicit holding of *Euromepa* [*S.A. v. R. Esmerian, Inc.*, 154 F.3d 24 (2d Cir. 1998)], and if an enforcement proceeding is not adjudicative in nature, I fail to see (and Jiangsu does not suggest) how a pre-judgment security proceeding could possibly so qualify.

In any event, the discovery request is grossly overbroad.  By this Court's Order, Petitioners have been authorized to serve subpoenas on 16 international banks, with no allegation whatsoever of any connection between Ridgebury and any of Petitioner's targets.  Other courts have rejected such broad fishing expeditions.  *See, e.g., Asia Maritime Pacific Ltd.*, 253 F. Supp. 3d 701 (S.D.N.Y. 2015)(" Far from being an efficient means of assistance to participants in international litigation, the subpoenas would direct sixteen large banks to conduct broad searches for information when the Petitioner has provided no basis to believe that Arma ever transacted business through any particular bank. That is too great a burden to impose on nonparties, particularly on an *ex parte* basis.").

---

[1] We note that on August 13, 2020 Petitioners filed their own Rule B maritime attachment action in this District seeking attachment in respect of this same unripe indemnity claim (*see* 1:20-cv-06434).  To our knowledge, Petitioners never identified this action as being related to the present action notwithstanding that it involves the same claim and that garnishees overlap with the targets of Petitioners' requested subpoenas here.

BLANKROME

August 27, 2020
Page 3

      A temporary stay is warranted, particularly with respect to the subpoenas to be served on the various banks, because once served those banks likely will begin processing the subpoenas quickly which would be an unnecessary burden if, as Ridgebury contends, the subpoenas should ultimately be quashed. Ridgebury respectfully submits that it could submit its motion to quash the Discovery Order by next Tuesday, September 1, 2020 or such other date the Court may set. We respectfully submit this short delay will not cause any prejudice to petitioner.

      We thank the Court in advance for its consideration of this matter.

      Very truly yours,

      */s/ John D. Kimball*

      John D. Kimball
      Partner

JDK:
Cc:  All counsel via ECF